UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 99-0528-CIV-LENARD
MAGISTRATE JUDGE SIMONTON

ESTATE OF WINSTON CABELLO,
*et al.*

   Plaintiffs,

 v.

ARMANDO FERNÁNDEZ-LARIOS,

   Defendant.
_____/

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

  I will now explain to you the rules of law that you must follow and apply in deciding this case.

  When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1

### CONSIDERATION OF THE EVIDENCE
### DUTY TO FOLLOW INSTRUCTIONS
### NO CORPORATE PARTY INVOLVED

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**Authorities:**

Eleventh Circuit Pattern Jury Instruction No. 2.1.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-2-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI70XYF\
Instructions 2.C

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2

### CREDIBILITY OF WITNESSES

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

**Authorities:**

Eleventh Circuit Pattern Jury Instruction No. 3.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3

### IMPEACHMENT OF WITNESSES
### INCONSISTENT STATEMENT AND FELONY CONVICTION

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Authorities:**

Eleventh Circuit Pattern Jury Instruction No. 4.2.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-4-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI70XYF\
Instructions 2.D

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4

### EXPERT WITNESSES
### GENERAL INSTRUCTION

When knowledge of a specialized subject matter might be helpful to the jury, a person having special training or experience in that specialized field is permitted to state an opinion concerning those specialized matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**Authorities:**

Eleventh Circuit Pattern Jury Instruction No. 5.1 (modified).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-5-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI7OXYF\
Instructions 2.D

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5

### BURDEN OF PROOF WHEN
### ONLY PLAINTIFFS HAVE BURDEN OF PROOF

In this case it is the responsibility of the plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the plaintiffs' claims are more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of any of plaintiffs' claims by a preponderance of the evidence, you should find for the defendant as to that claim.

**Authorities:**

Eleventh Circuit Pattern Jury Instruction No. 6.1 (modified to reflect multiple plaintiffs and multiple claims).

GIVEN:            _____

REFUSED:        _____

MODIFIED:      _____

WITHDRAWN:  _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-6-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI7OXYF\
Instructions 2.C

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6

## APPLICATION OF FEDERAL LAW TO EVENTS IN CHILE

This case involves United States law, even though the events occurred in another country. You should know that the Court has determined that it is legally proper for this case to be decided here. Therefore, you should not question why you are deciding the factual issues in this case.

**Authority**:

*Barrueto v. Fernandez-Larios*, 205 F. Supp. 2d 1325, 1334-1335 (S.D. Fla. 2002).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7

### DEPOSITIONS

Certain testimony has been presented to you through depositions.  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  You have heard the questions and the answers.  This deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility as if the witness had been present and had testified from the witness stand in court.

**Authorities:**

Fifth Circuit Pattern Jury Instructions 2.23, 5-10 (Matthew Bender 1993).

GIVEN:  _____

REFUSED:  _____

MODIFIED:  _____

WITHDRAWN:  _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-8-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI7OXYF\
Instructions 2.C

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8

## LETTER ROGATORY RESPONSES

Certain testimony has been presented to you through responses to a letter rogatory. A letter rogatory is a formal request from a U.S. court to the court of a foreign nation asking the foreign court's assistance in obtaining evidence for use in the U.S. court.

In this case, the parties asked this Court to issue a letter rogatory to the Supreme Court of the Government of the Republic of Chile, asking it to assist this Court in obtaining evidence including testimony from Chilean citizens who live in Chile. The parties submitted questions to these Chilean witnesses, and the Chilean court asked these witnesses to answer the questions. Those answers were made under oath, and you have heard the questions and the answers.

These witnesses' testimony in the form of answers to the letters rogatory is entitled to the same consideration, and is to be judged by you as to credibility as if the witness had been present and had testified from the witness stand in court. However, you may consider the fact that the witnesses who answered the questions through letters rogatory were not subject to cross examination and were not asked follow up questions by lawyers as they would be if the witness had been present and had testified in court or at a deposition.

**Authorities:**
*United States v. Zabady*, 546 F. Supp. 35, 39 n.9 (M.D. Pa. 1982); *The Signe*, 37 F. Supp. 819, 820 (E.D. La. 1941); *United States v. Reagan*, 453 F.2d 165, 171-73 (6th Cir. 1971); *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958); *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990); *United States v. Strong*, 608 F. Supp. 188, 192-94 (E.D. Pa. 1985); and *B & L Drilling Electric v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978); *Zassenhaus v. The Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 n.19 (D.C. Cir. 1968).

*See also* Fed. R. Civ. P. 31 (permitting depositions on written questions); *United States v. Siddiqui*, 235 F.3d 1318, 1323 (11th Cir. 2000) (foreign depositions were admissible in criminal case); *United States v. Salim*, 855 F. 2d 944 (2d Cir. 1988) (same).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS*,
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-9-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI70XYF\
Instructions 2.D

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9

## CLAIMS IN THIS CASE

This case involves several claims against the defendant, all of which are permitted under federal law. The plaintiffs are pursuing claims based on the allegations that Winston Cabello was a victim of four different violations: extrajudicial killing; torture; cruel, inhuman and degrading punishment or treatment; and crimes against humanity, and that the defendant, Armando Fernández Larios, is liable for those violations.

Let me review each of the claims with you. The Estate of Winston Cabello, through its representative, Zita Cabello Barrueto, brings claims against the defendant, Armando Fernández Larios, for torture, extrajudicial killing, cruel, inhuman and degrading treatment, and crimes against humanity against defendant Fernández. The family of Winston Cabello—Elsa Cabello, Aldo Cabello, Zita Cabello Barrueto and Karin Cabello Moriarty—bring claims against the defendant for the extrajudicial killing of Winston Cabello Bravo.

**Authorities:**

Plaintiffs' Second Amended Complaint.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-10-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI7OXYF\
Instructions 2.C

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10**

**RECOVERY BY THE ESTATE**

The legal representative of the estate of a deceased person may sue and recover damages for harm caused to the deceased person.  Zita Cabello Barrueto has been appointed the legal representative of the Estate of Winston Cabello.  In that capacity, therefore, she has the right to sue and to recover damages on behalf of Winston Cabello's estate.  Thus, if you find that the plaintiff Estate of Winston Cabello has proved its claims by a preponderance of the evidence, you may award damages to Winston Cabello's estate through Zita Cabello Barrueto, in her capacity as legal representative of the estate.

**Authorities**:

*Barrueto v. Fernandez-Larios*, 205 F. Supp. 2d 1325, 1333-1335 (S.D. Fla. 2002); *Estate of Cabello v. Fernandez-Larios*, 157 F. Supp. 2d 1345, 1353-1357 (S.D. Fla. 2001); *Benson v. Benson*, 533 So. 2d 889, 889 (Fla. 3d Dist. Ct. App. 1998); *Xuncax v. Gramajo*, 886 F. Supp. 162, 191-192 (D. Mass. 1995).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS*,
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-11-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI7OXYF\
Instructions 2.D

### PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11

### ALTERNATIVE MEANS OF PROVING DEFENDANT'S LIABILITY

The plaintiffs have alleged that the defendant, Mr. Fernández, should be held liable for four different violations:  (1) extrajudicial killing; (2) torture; (3) cruel, inhuman or degrading punishment or treatment; and (4) crimes against humanity.  In a moment I will tell you what the plaintiffs must prove in order for you to find those violations happened.

Plaintiffs allege that Mr. Fernández is liable for each of the four different violations because:  (1) he personally committed the violations; *or* (2) he aided and abetted someone else who personally committed the violations; *or* (3) he conspired with people who committed the violations.

**Authorities:**

Torture Victim Protection Act of 1991, 28 U.S.C. § 1350, note; S. Rep. No. 249, 102d Cong., 1st Sess. (1991); *Prosecutor v. Furundzija,* Case No. IT-95-17/1, para. 246, Judgment (Trial Chamber II, December 19, 1998); *Barrueto v. Fernandez-Larios*, 205 F. Supp. 2d 1325, 1331-1333 (S.D. Fla. 2002); *Hilao v. Estate of Ferdinand Marcos*, 103 F.3d 767 (9th Cir. 1996); *Mehinovic v. Vuckovic,* 198 F. Supp. 2d 1322, 1355-1356 (N.D. Ga. 2002); *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, No. 01 Civ. 9882, 2003 U.S. Dist. LEXIS 4085, *77-*91 (S.D.N.Y. Mar. 19, 2003).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-12-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI70XYF\
Instructions 2.D

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12

## AIDING AND ABETTING

One way the defendant may be found liable for any of the four violations, even if he personally did not do them, is if you find that he aided and abetted others who did them or caused them to be done. To prove the defendant liable for aiding and abetting any of the violations against Winston Cabello, the plaintiffs must prove by a preponderance of the evidence:

First,       one or more of the violations  (as I will define them for you in a moment) was committed by some person;

Second,      the defendant substantially assisted some person or persons who personally committed or caused the violations; and

Third,       the defendant knew, or should have known, that his actions would assist in the illegal or wrongful activity at the time he provided the assistance.

The defendant need not have known the specific violations that those persons intended to commit. It is sufficient if the defendant was aware that one of a number of violations would probably be committed, and one of those violations was in fact committed.

### Authorities:

Torture Victim Protection Act of 1991, 28 U.S.C. § 1350, note; S. Rep. No. 249, 102$^d$ Cong., 1st Sess. (1991); *Halberstam v. Welch*, 227 U.S. App. D.C. 167 (D.C. Cir. 1983); *Ungar v. The Islamic Republic of Iran*, 211 F. Supp. 2d 91 (D.D.C. 2002); *Barrueto v. Fernandez-Larios*, 205 F. Supp. 2d 1325, 1331-1333 (S.D. Fla. 2002); *Mehinovic v. Vuckovic,* 198 F. Supp. 2d 1322, 1355-1356 (N.D. Ga. 2002); *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, No. 01 Civ. 9882, 2003 U.S. Dist. LEXIS 4085, *77-*91 (S.D.N.Y. Mar. 19, 2003).

GIVEN:       _____

REFUSED:     _____

MODIFIED:    _____

WITHDRAWN:   _____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13

### CONSPIRACY

A defendant also may be found liable for any of the four violations, even if he personally did not do them, if you find that he conspired with someone who did them or caused them to be done. A conspiracy is an agreement of two or more persons to commit one or more wrongful acts. To prove the defendant liable for conspiring to commit any of the violations, the plaintiffs must prove by a preponderance of the evidence:

| | |
|---|---|
| First, | two or more persons agreed to commit a wrongful act; |
| Second, | the defendant joined the conspiracy knowing of at least one of the goals of the conspiracy and intending to help accomplish it; |
| Third, | one or more of the violations was committed by someone who was a member of the conspiracy and acted in furtherance of the conspiracy; and |
| Fourth, | the violation could reasonably have been foreseen to be a necessary or natural consequence of the conspiracy. |

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. Further, the agreement, common plan, design, or purpose does not have to have been arranged or formulated in advance. The existence of such agreement, plan or purpose may be inferred from the fact that two or more persons acted together to put into effect a joint enterprise with a wrongful or criminal aim.

Each member of the conspiracy is liable for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a violation in furtherance of a conspiracy, the other members have also, under the law, committed the violation.

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-14-

C:\Documents and Settings\Administrator\L‹
Settings\Temporary Internet Files\Content.IE5\CPI7OXYF\
Instructions 2.□

**Authorities:**

*Pinkerton v. United States*, 328 U.S. 640 (1946); *see also Barrueto v. Fernandez Larios*, 205 F. Supp. 2d 1325, 1331-33 (S.D. Fla. 2002); *Prosecutor v. Tadic*, Case No. IT-94-1-A, Judgement, (Appeals Chamber, July 15, 1999) ¶¶ 185-201, 227 (available at http://www.un.org/icty/tadic/appeal/judgement/index.htm); *Prosecutor v. Furundzija*, Case No. IT-95-17/1, Judgement (Appeals Chamber, July 21, 2000) ¶¶ 115-21 (available at http: //www.un.org/icty/furundzija/appeal/judgement/index.htm)

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-15-

C:\Documents and Settings\Administrator\L·
Settings\Temporary Internet Files\Content.IE5\CPJ7OXYF\
Instructions 2.Γ

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14

### EXTRAJUDICIAL KILLING

On the plaintiffs' extrajudicial killing claim, the plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

First,    an individual deliberately killed Winston Cabello;

Second,    that person killed Winston Cabello while acting under actual or apparent authority, or color of law of a foreign nation;

Third,    the killing of Winston Cabello was not previously authorized by a judgment of a regularly constituted court affording all the judicial guarantees which are recognized as indispensable by civilized peoples, and

Fourth,    the defendant personally killed Winston Cabello, or he aided and abetted or conspired with others who killed Winston Cabello or who caused him to be killed.

**Authorities:**

Torture Victim Protection Act of 1991, 28 U.S.C. § 1350, note.  *See also Presbyterian Church of Sudan v. Talisman Energy, Inc.*, No. 01 Civ. 9882, 2003 U.S. Dist. LEXIS 4085 (S.D.N.Y. Mar. 19, 2003); *Wiwa v. Royal Dutch Petroleum Co.*, No. 96 CIV. 8386, 2002 WL 319887 (S.D.N.Y. Feb. 28, 2002); *Hilao v. Estate of Ferdinand Marcos*, 103 F.3d 767 (9th Cir. 1996); S. Rep. No. 249, 102d Cong., 1st Sess. (1991); *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 978 F.2d 493 (9th Cir. 1992); International Covenant on Civil and Political Rights, art. 6, G.A. Res. 2200, 21 U.N. GAOR Supp. (No. 16), U.N. Doc. A/6316 (1966).

GIVEN:    _____

REFUSED:    _____

MODIFIED:    _____

WITHDRAWN:    _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS*,
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-16-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI70XYF\
Instructions 2.D

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15

### TORTURE

On their claim for torture, the plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

First,        an individual intentionally inflicted severe pain or suffering, whether physical or mental, on Winston Cabello;

Second,        Winston Cabello, was in that individual's custody or physical control;

Third,        the person who intentionally inflicted severe pain or suffering on Winston Cabello did so while acting under the actual or apparent authority, or color of law, of a foreign nation;

Fourth,        The severe pain or suffering was inflicted for the purpose of intimidation, punishment or any discriminatory purpose; and

Fifth,        the defendant personally inflicted the severe pain or suffering on Winston Cabello, or he aided and abetted or conspired with others who inflicted or caused the infliction of the severe pain or suffering on Winston Cabello.

**Authorities:**

Torture Victim Protection Act of 1991, 28 U.S.C. § 1350, note.

GIVEN:        _____

REFUSED:        _____

MODIFIED:        _____

WITHDRAWN:        _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-17-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI7OXYF\
Instructions 2.D

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 16

### UNDER COLOR OF LAW

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any law, ordinance, or regulation.

**Authority:**  Torture Victim Protection Act of 1991, 28 U.S.C. § 1350, note; *Mehinovic v. Vuckovic,* 198 F. Supp. 2d 1322 (N.D. Ga. 2002).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-18-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI7OXYF\
Instructions 2.D

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17

## PHYSICAL OR MENTAL PAIN OR SUFFERING

Severe physical pain and suffering may include any of the following: shooting, stabbing, beating or any form of mutilation.

Mental pain or suffering refers to prolonged mental harm caused by or resulting from the intentional infliction or threatened infliction of severe physical pain or suffering; the threat of imminent death; or the threat that another individual will imminently be subjected to death or severe physical pain or suffering.

**Authorities:**

Torture Victim Protection Act of 1991, 28 U.S.C. § 1350, note; *Mehinovic v. Vuckovic,* 198 F. Supp. 2d 1322, 1332-1340 (N.D. Ga. 2002); *Xuncax v. Gramajo,* 886 F. Supp. 162, 169-171 (D. Mass. 1995).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-19-

C:\Documents and Settings\Administrator\L·
Settings\Temporary Internet Files\Content.IE5\CPI70XYF\
Instructions 2.C

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 18

**CRUEL, INHUMAN, OR DEGRADING TREATMENT OR PUNISHMENT**

On the plaintiffs' cruel, inhuman, or degrading treatment or punishment claim, the plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

First,          an individual inflicted mental or physical suffering, anguish, humiliation, fear or debasement on Winston Cabello;

Second,      the individual acted under color of law; and

Third,        the defendant personally inflicted mental or physical suffering, anguish, humiliation, fear or debasement on Winston Cabello, or he aided and abetted or conspired with others who inflicted or caused the infliction of mental or physical suffering, anguish, humiliation, fear or debasement on Winston Cabello.

**Authorities:**

Alien Tort Claims Act, 28 U.S.C. § 1350 (2003); International Covenant on Civil and Political Rights, art. 7, G.A. Res. 2200, 21 U.N. GAOR Supp. (No. 16), U.N. Doc. A/6316 (1966); *Mehinovic v. Vuckovic,* 198 F. Supp. 2d 1322 (N.D. Ga. 2002); *Xuncax v. Gramajo*, 886 F. Supp. 162 (D. Mass. 1995); *Kadic v. Karadzic*, 70 F.3d 232 (2d Cir. 1995); *Wiwa v. Royal Dutch Petroleum Co.*, No. 96 CIV. 8386, 2002 WL 319887, *6 (S.D.N.Y. Feb. 28, 2002); *Abebe-Jira v. Negewo*, 72 F.3d 844 (11th Cir. 1996); *Beanal v. Freeport-McMoRan, Inc.*, 969 F. Supp. 362 (E.D. La. 1997); Rest. (Third) of Foreign Relations Law of the United States §§ 701-702; Universal Declaration of Human Rights, art. 5, G.A. Res. 217A, U.N. Doc. A/810 (1948); Article 16 of the UN Convention Against Torture & Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 23 I.L.M. 1027 (1984), as modified, 24 I.L.M. 535 (1985).

GIVEN:          _____

REFUSED:       _____

MODIFIED:      _____

WITHDRAWN:  _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-20-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI7OXYF\
Instructions 2.D

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 19

## CRIMES AGAINST HUMANITY

On the plaintiffs' crimes against humanity claim, the plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

First,        one or more individuals committed any of the following acts:  murder, extermination, enslavement, deportation, imprisonment, mutilation, torture, persecution on political, racial or religious grounds, and other outrages against personal dignity;

Second,       these acts were part of widespread or systematic conduct directed against a civilian population;

Third,        Winston Cabello's killing was part of widespread and systematic violations directed against a civilian population;

Fourth,       the defendant either personally killed Winston Cabello, or he aided and abetted or conspired with others who killed Winston Cabello or caused him to be killed, while knowing that the killing of Winston Cabello was part of widespread and systematic conduct directed against a civilian population.

**Authorities:**

Alien Tort Claims Act, 28 U.S.C. § 1350 (2003); Article 7, Rome Statute of the International Criminal Court, U.N. Doc. A/CONF. 183/2/Add.1 (1998); *Mehinovic v. Vuckovic,* 198 F. Supp. 2d 1322 (N.D. Ga. 2002); *Kadic v. Karadzic,* 70 F.3d 232 (2d Cir. 1995); Restatement (Third) of Foreign Relations Law of the United States §§ 701-702.

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-21-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI7OXYF\
Instructions 2.C

*See also Princz v. Federal Republic of Germany*, 26 F.3d 1166, 1173 (D.C. Cir. 1994) (citing R. Jackson, Final Report to the President on the Nuremberg Trials (Oct. 7, 1946) (cited in R. Jackson, *The Nurnberg Case* xiv-xv (1971))); The Charter of the International Military Tribunal, Nuremberg, of August 8, 1945, confirmed by G.A. Res. 3, U.N. Doc. A/50 (1946) and G.A. Res. 95, U.N. Doc. A/236, 59 Stat. 1546 (1946); Convention on the Non-Applicability of Statutory Limitations to War Crimes and Crimes Against Humanity, Nov. 26, 1968, G.A. Res. 2391, U.N. GAOR, 23d Sess., Supp. No. 18, at 40, U.N. Doc. A/7218, 754 U.N.T.S. 73 (entered into force Nov. 11, 1970); Principles of International Co-Operation in the Detection, Arrest, Extradition and Punishment of Persons Guilty of War Crimes against Humanity, G.A. Res. 3074, U.N. GAOR 28th Sess., Supp. No.30A at 78, U.N. Doc. A/9039/Add.1 (1973); Statute of the International Tribunal for the Prosecution of Persons Responsible for Serious Violations of International Humanitarian Law Committed in the Territory of the Former Yugoslavia since 1991, Report of the Secretary General, pursuant to para. 2 of U.N.S.C. Res. 808 (1993), U.N. Doc. S/25704 at 36 (1993), adopted by U.N.S.C. Res. 827, U.N. Doc. S/Res/827 (1993), reprinted in 32 I.L.M. 1159, 1170 (1993); Statute for the International Tribunal for Rwanda, U.N. SCOR, 49th Sess., 3453rd mtg., at 1, U.N. Doc. S/Res/955 (1994).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS*,
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-22-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI70XYF\
Instructions 2.D

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 20

### POLITICAL VIEWS ARE IRRELEVANT

In your deliberations, you should not give any regard to the political views, beliefs, or affiliations of Winston Cabello, or any other prisoner about whom you have heard testimony during this case.

Every person — no matter what his of her political views, beliefs, or affiliations — has the right to be free from being tortured, or killed without lawful judicial process, or subjected to cruel, inhuman or degrading treatment or punishment, or crimes against humanity.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS*,
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-23-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI7OXYF\
Instructions 2.□

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 21

### COMPENSATORY DAMAGES

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the actual losses or injuries, if any, that resulted from the defendant's conduct. You must award the plaintiffs such sum of money as you believe will fairly and justly compensate the plaintiffs for any loss or injury you believe was actually sustained as a direct consequence of the defendant's conduct.

These are known as compensatory damages. Compensatory damages seek to compensate the plaintiffs for the injuries that they sustained. The plaintiffs are entitled to compensatory damages for any physical injury, pain and suffering, mental anguish, and shock that they suffered because of the defendant's conduct.

The damages you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiffs actually suffered.

Compensatory damages may be awarded to cover both the mental and physical aspects of injury – tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the plaintiffs for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-24-

C:\Documents and Settings\Administrator\L·
Settings\Temporary Internet Files\Content.IE5\CPI70XYF\
Instructions 2.C

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

(1)     the plaintiffs' physical and emotional pain, suffering and mental anguish; and

(2)     the plaintiffs' physical and mental injury.

**Authorities:**

*Mehinovic v. Vuckovic,* 198 F. Supp. 2d 1322 (N.D. Ga. 2002); *Xuncax v. Gramajo*, 886 F. Supp. 162 (D. Mass. 1995); *Filartiga v. Pena-Irala*, 557 F. Supp. 860, 864 (E.D.N.Y. 1984); *Mushikiwabo v. Barayagwiza*, 1996 U.S. Dist. LEXIS 4409 (S.D.N.Y. 1996).

GIVEN:        _____

REFUSED:      _____

MODIFIED:     _____

WITHDRAWN:    _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-25-

C:\Documents and Settings\Administrator\L·
Settings\Temporary Internet Files\Content.IE5\CPI70XYF\
Instructions 2.C

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 22:

## PUNITIVE DAMAGES

In addition to compensatory damages, you have the discretion to award punitive damages. Unlike compensatory damages, which are imposed to reimburse the plaintiffs for their injuries, punitive damages are designed to make an example of the defendant's conduct so that others will not engage in similar practices.

You may award punitive damages to the plaintiff if they have proven that the defendant's conduct was wanton and reckless, not merely unreasonable. An act is wanton and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct, in order to deter him and others from committing similar acts in the future. Punitive damages are intended to protect the community and to express the jury's indignation at a defendant's misconduct.

The award of punitive damages is within your discretion – you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount. It must not reflect bias, prejudice, or sympathy toward any party. But the amount can be as large as you believe is necessary to fulfill the purpose of punitive damages. There is no exact standard for fixing the amount of punitive damages. Any award you make should be fair in the light of the evidence.

Should you award punitive damages to the plaintiffs, in fixing the amount, you must consider what is reasonably required to accomplish the goals of punishing the defendants and deterring others from committing similar acts. You should also consider the degree of reprehensibility of the defendant's conduct toward the plaintiffs and the relationship between the harm suffered by the plaintiffs and the amount of punitive damages you are considering. In sum, in computing punitive damages you should award the amount you find appropriate to

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-26-

C:\Documents and Settings\Administrator\L>
Settings\Temporary Internet Files\Content.IE5\CP17OXYF\
Instructions 2.L

punish the defendant for the injuries to the plaintiffs in this lawsuit and to set an example to others that will deter them from engaging in similar conduct.

Finally, you may consider the financial resources of the defendant in fixing an amount of punitive damages. However, I instruct you that the burden is on the defendant to show that his financial circumstances warrant a limitation of any award.

**Authorities:**

Eleventh Circuit Pattern Jury Instructions, Supplemental Damages Instruction 2.1 (2002); *Mehinovic v. Vuckovic,* 198 F. Supp. 2d 1322 (N.D. Ga. 2002); *Tachiona v. Mugabe,* 234 F. Supp. 2d 401 (S.D.N.Y. 2002); *Paul v. Avril*, 901 F. Supp. 330 (S.D. Fla. 1994).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*ESTATE OF CABELLO V. FERNÁNDEZ-LARIOS,*
CASE. NO 99-0528-CIV-LENARD
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

-27-

C:\Documents and Settings\Administrator\L
Settings\Temporary Internet Files\Content.IE5\CPI70XYF\
Instructions 2.D