UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 99-0528-CIV-LENARD
MAGISTRATE JUDGE SIMONTON

ESTATE OF WINSTON CABELLO,
*et al.*

      Plaintiffs,

v.

ARMANDO FERNANDEZ-LARIOS,

      Defendant.
_____/

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

    Defendant, Armando Fernández-Larios files his proposed jury instructions with the Court. Defendant does not object to Plaintiffs' Proposed Jury Instructions Nos. 1, 2, 3, 5 and 7.

    Defendant objects to Plaintiffs' Proposed Jury Instructions 6, 9, 10 and 20 as not being proper subjects for jury instructions.

    Defendant objects to Plaintiffs' Proposed Jury Instructions 11, 12, 13, 14, 15, 16, 17, 18, 19, 21 and 22 as not being correct statements of law, and Defendant submits the following instructions which set forth the legal standards applicable in this case.

BOIES, SCHILLER & FLEXNER LLP

Attorneys for Defendant
Bank of America Tower, Suite 2800
100 S.E. 2nd Street
Miami, Florida 33131
Tel: (305) 539-8400
Fax: (305) 539-1307

By: _____
Steven W. Davis
Florida Bar No. 347442

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of Defendant's Proposed Jury Instructions was served by facsimile and U.S. mail this _19th_ day of June, 2003, upon the following:

Julie C. Ferguson
Julie C. Ferguson & Associates, P.A.
Suite 1480
1200 Brickell Avenue
Miami, Florida 33131

Susan Shawn Roberts
Jill Anne Peasley
Elizabeth Van Schaak
Joshua N. Sondheimer
The Center for Justice & Accountability
Suite 433
588 Sutter Street
San Francisco, California 94102

Leo Cunningham
Nicole M. Healy
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, California 94304-1050

Robert G. Kerrigan
Kerrigan, Estess, Rankin & McLeod, LLP
Post Office Box 12009
400 E. Government Street
Pensacola, Florida  32501

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

### COURT'S INSTRUCTIONS
### TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin you discussions—what we call your deliberations.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2**

**EXPERT WITNESSES
GENERAL INSTRUCTION**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**<u>Authorities</u>**

Eleventh Circuit Pattern Jury Instructions No. 5.1 (unmodified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

## COMMAND RESPONSIBILITY

You may not find Defendant liable for any violations stated in Plaintiffs' complaint unless Plaintiffs prove by a preponderance of the evidence the following essential elements of liability under the command responsibility doctrine:

First,   the existence of a superior-subordinate relationship between Defendant and the perpetrator of the wrongful act against Mr. Cabello;

Second,   Defendant knew or should have known that his subordinates had committed, were committing or planned to commit acts against Mr. Cabello violatile of the law of war; and

Third,   Defendant failed to prevent the commission of crimes against Mr. Cabello, or Defendant failed to punish the subordinates who commissioned the crimes against Mr. Cabello.

In order to impose liability on the Defendant under the command responsibility doctrine, you must find that Defendant held effective control over those who committed wrongful acts against Mr. Cabello. Plaintiffs must show Defendant's ability to control those who committed wrongful acts against Mr. Cabello in order to find Defendant individually liable for the claims stated in Plaintiffs' complaint.

### Authorities

*Ford ex rel. Estate of Ford v. Garcia*, 289 F.3d 1283, 1288; *Prosecutor v. Delalic*, Case. No. IT-96-21-A, ¶ 196, 256 (ICTY Trial Chamber, Mar. 3, 2000); *Prosecutor v. Blaskic*, Case No. IT-94-14-T, ¶ 295, Judgement (ICTY Trial Chamber, May 21, 1999); *Prosecutor v. Kayishema*, Case No. ICTR-95-1-T, ¶ 229, Judgement (Trial Chamber, May 21, 1991).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

## EXTRAJUDICIAL KILLING

On Plaintiffs' extrajudicial killing claim, Plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

First,       Defendant, while acting under actual or apparent authority, or color of law, of a foreign nation;

Second,      deliberately killed Mr. Cabello;

Third,       Mr. Cabello's death was not authorized by a judgment of a regularly constituted court;

Fourth,      Defendant personally killed Mr. Cabello.

In order to find Defendant liable for extrajudicial killing, you must find that Defendant personally and deliberately killed Mr. Cabello. You cannot find Defendant liable for the actions of others' on a claim for extrajudicial killing unless Plaintiffs prove that Defendant exercised command control over those who killed Mr. Cabello or that Defendant directly participated in killing Mr. Cabello.

### Authorities

Torture Victim Protection Act of 1991, 28 U.S.C. § 1350, note; *Ford ex rel. Estate of Ford v. Garcia*, 289 F.3d 1283, 1286; *Prosecutor v. Blaskic*, Case No. IT-94-14-T, ¶ 295, Judgement (ICTY Trial Chamber, May 21, 1999); *Prosecutor v. Tadic*, Case No. IT-94-1-A, ¶ 220 (ICTY Appeals Chamber, July 15, 1999).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

## TORTURE

On Plaintiffs' torture claim, Plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

First,      Defendant, while acting under actual or apparent authority, or color of law, of a foreign nation;

Second,   Mr. Cabello was in Defendant's custody or physical control;

Third,     Defendant intentionally inflicted sever pain or suffering on Mr. Cabello;

Fourth,    Defendant personally tortured Mr. Cabello for the purpose of intimidation, punishment, or any discriminatory purpose.

In order to find Defendant liable for torture, you must find that Defendant personally and intentionally tortured Mr. Cabello. You cannot find Defendant liable for the actions of others' on a claim for torture unless Plaintiffs prove that Defendant exercised command control over those who tortured Mr. Cabello or that Defendant directly participated in torturing Mr. Cabello.

### Authorities

Torture Victim Protection Act of 1991, 28 U.S.C. § 1350, note; *Ford ex rel. Estate of Ford v. Garcia*, 289 F.3d 1283, 1286; *Prosecutor v. Blaskic*, Case No. IT-94-14-T, ¶ 295, Judgement (ICTY Trial Chamber, May 21, 1999); *Prosecutor v. Tadic*, Case No. IT-94-1-A, ¶ 220 (ICTY Appeals Chamber, July 15, 1999).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

## CRUEL, INHUMAN, OR DEGRADING TREATMENT OR PUNISHMENT

On Plaintiffs' cruel, inhuman, or degrading treatment or punishment claim, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

First,   Defendant, while acting under actual or apparent authority, or color of law, of a foreign nation;

Second,   inflicted mental or physical suffering, anguish, humiliation, fear or debasement not rising to the level of torture;

Third,   Defendant personally committed these acts on Mr. Cabello.

In order to find Defendant liable for cruel, inhuman, or degrading treatment or punishment, you must find that Defendant personally so treated Mr. Cabello. You cannot find Defendant liable for the actions of others' on a claim for cruel, inhuman, or degrading treatment or punishment unless Plaintiffs prove that Defendant exercised command control over those who so treated Mr. Cabello or that Defendant directly participated in so treating Mr. Cabello.

### Authorities

Torture Victim Protection Act of 1991, 28 U.S.C. § 1350, note; *Mehinovic v. Vuckovic*, 198 F.Supp.2d 1322, 1348 (N.D. Ga. 2003); *Ford ex rel. Estate of Ford v. Garcia*, 289 F.3d 1283, 1286; *Prosecutor v. Blaskic*, Case No. IT-94-14-T, ¶ 295, Judgement (ICTY Trial Chamber, May 21, 1999); *Prosecutor v. Tadic*, Case No. IT-94-1-A, ¶ 220 (ICTY Appeals Chamber, July 15, 1999).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7
## STATUTE OF LIMITATIONS

In deciding this case, the Defendant asserts that Plaintiffs' claims are barred by the statute of limitations.

In a case like this one, the time limit placed upon the Plaintiffs began to run when the Plaintiffs first knew, or by the exercise of reasonable care should have known, that Defendant was subject to being sued.

In this instance, the applicable limitations period is 4/10 *[Court to determine]* years, and the Defendant claims that suit is barred because the Plaintiffs knew, or by the exercise of reasonable care should have known more than 4/10 years before the commencement of this suit on February 19, 1999, that Defendant was first subject to being sued in the United States [or when Defendant resigned from the Chilean military in January 1987].

With regard to the Plaintiffs' knowledge, you are instructed that the *means* of knowledge is ordinarily equivalent in law *to* knowledge.  So, if it appears from a preponderance of the evidence in the case that the Plaintiffs had information that would normally have led a reasonably careful person of the same age, mental capacity, intelligence, training and experience to make inquiry through which such a person would surely learn certain facts, then the Plaintiffs may be found to have had actual knowledge of those facts just as though the plaintiff had made such inquiry and had actually learned those facts.

**Defendant believes no instruction is necessary because these issues should be resolved as a matter of law barring Plaintiffs' claims.**

**Authorities**

State Claims Instructions No. 1.3 at p.323 of Eleventh Circuit Pattern Jury Instructions (modified).

Torture Victim Protection Act of 1991, 28 U.S.C. § 1350, note; *United States v. Gornto*, 792 F.2d 1028, 1033 (11th Cir. 1986); 16 Am. Jur. 2d *Conspiracy* § 36 (1979).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

## COMPENSATORY DAMAGES

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury—tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect, it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

### Authorities

Eleventh Circuit Pattern Jury Instructions No. 1.3 (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

## COMPENSATORY DAMAGES

The purpose of the law of damages is to award just and fair compensation for the actual losses or injuries, if any, that resulted from the Defendant's conduct. You must award the Plaintiffs such sum of money as you believe will fairly and justly compensate the Plaintiffs for any loss or injury they proved was actually sustained as a direct consequence of the Defendant's conduct.

These are known as compensatory damages. Compensatory damages seek to compensate the Plaintiffs for the injuries they sustained. The Plaintiffs are entitled to compensatory damages for any physical injury, pain and suffering, and mental anguish that they suffered because of the Defendant's conduct.

There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence: the Plaintiffs' physical and emotional pain, suffering and mental anguish.

### Authorities

*Mehinovic v. Vuckovic*, 198 F. Supp. 2d 1322 (N.D. Ga. 2002); *Xuncax v. Gramajo*, 886 F. Supp. 162 (D. Mass. 1995); *Filartiga v. Pena-Irala*, 557 F. Supp. 860, 864 (E.D.N.Y. 1984); *Mushikiwabo v. Barayagwiza*, 1996 U.S. Dist. LEXIS 4409 (S.D.N.Y. 1996).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

# PUNITIVE DAMAGES IN GENERAL

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's rights so as to entitle the plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

## Authorities

Eleventh Circuit Pattern Jury Instructions No. 2.1 (modified)