## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

## CASE NO. 99-0528-CIV-LENARD
## MAGISTRATE JUDGE SIMONTON



FILED by _____ D.C.

MAY 2 1 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

**ESTATE OF WINSTON CABELLO,**
*et al.*

      **Plaintiffs,**

   **v.**

**ARMANDO FERNÁNDEZ-LARIOS,**

      **Defendant.**

_____/

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.



1

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Plaintiffs.

2

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**3**

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

4

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**5**

In this case it is the responsibility of the plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the plaintiffs' claims are more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of any of plaintiffs' claims by a preponderance of the evidence, you should find for the defendant as to that claim.

**6**

The Court has determined that this case involves United States law, even though the events occurred in another country.

7

Certain testimony has been presented to you through depositions. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. You have heard the questions and the answers. This deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility as if the witness had been present and had testified from the witness stand in court.

**8**

Certain testimony has been presented to you through responses to a letter rogatory. A letter rogatory is a formal request from a U.S. court to the court of a foreign nation asking the foreign court's assistance in obtaining evidence for use in the U.S. court.

In this case, the parties asked this Court to issue a letter rogatory to the Supreme Court of the Government of the Republic of Chile, asking it to assist this Court in obtaining evidence including testimony from Chilean citizens who live in Chile. The parties submitted questions to these Chilean witnesses, and the Chilean court asked these witnesses to answer the questions. Those answers were made under oath, and you have heard the questions and the answers.

These witnesses' testimony in the form of answers to the letters rogatory is entitled to the same consideration, and is to be judged by you as to credibility as if the witness had been present and had testified from the witness stand in court.

**9**

This case involves several claims against the defendant. The plaintiffs are pursuing claims based on the allegations that Winston Cabello was a victim of four different violations: extrajudicial killing; torture; cruel, inhuman and degrading punishment or treatment; and crimes against humanity, and that the defendant, Armando Fernández Larios, is liable for those violations.

Let me review each of the claims with you. The Estate of Winston Cabello, through its representative, Zita Cabello Barrueto, brings claims against the defendant, Armando Fernández Larios, for torture, extrajudicial killing, cruel, inhuman and degrading treatment, and crimes against humanity against defendant Fernández. The family of Winston Cabello — Elsa Cabello, Aldo Cabello, Zita Cabello Barrueto and Karin Cabello Moriarty—bring claims against the defendant for the extrajudicial killing of Winston Cabello Bravo.

**10**

The Plaintiffs have alleged that the Defendant, Mr. Fernandez, should be held liable for four different violations: (1) extrajudicial killing; (2) torture; (3) cruel, inhuman or degrading punishment or treatment; and (4) crimes against humanity. In a moment I will tell you what the plaintiffs must prove in order for you to find those violations happened.

Plaintiffs allege that Mr. Fernandez is liable for each of the four different violations because: (1) he personally committed the violations; *or* (2) he aided and abetted some person or persons who committed the violations; *or* (3) he entered into a conspiracy to commit the violations.

**11**

On the plaintiffs' extrajudicial killing claims, the plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

First,      The Defendant deliberately killed or actively participated in the killing of Winston Cabello;

Second,   The Defendant acted under actual or apparent authority, or color of law of a foreign nation;

Third,    the killing of Winston Cabello was not previously authorized by a judgment of a regularly constituted court affording all the judicial guarantees which are recognized as indispensable by civilized peoples,

You may consider instructions 17 and 18 to determine whether or not the Plaintiffs have proven the elements above by a preponderance of the evidence.

**12**

On their claim for torture, the plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

First,      The Defendant intentionally inflicted severe pain or suffering, whether physical or mental, on Winston Cabello; or actively participated in the intentional infliction of severe pain or suffering whether physical or mental, on Winston Cabello;

Second,   Winston Cabello, was in the Defendant's custody or physical control;

Third,     The intentional infliction of severe pain or suffering on Winston Cabello was done while acting under the actual or apparent authority, or color of law of a foreign nation;

Fourth,   The severe pain or suffering was inflicted for the purpose of intimidation, punishment or any discriminatory purpose.

You may consider instructions 17 and 18 to determine whether or not the Plaintiffs have proven the elements above by a preponderance of the evidence.

**13**

On the plaintiffs' cruel, inhuman, or degrading treatment or punishment claims, the plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

First,      The Defendant inflicted mental or physical suffering, anguish, humiliation, fear or debasement on Winston Cabello; or the Defendant actively participated in inflicting mental or physical suffering, anguish, humiliation, fear or debasement on Winston Cabello; and

Second,     The Defendant acted under color of law.

You may consider instructions 17 and 18 to determine whether or not the Plaintiffs have proven the elements above by a preponderance of the evidence.

14

On the plaintiffs' crimes against humanity claims, the plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

First,        one or more individuals committed any of the following acts: murder, extermination, enslavement, deportation, imprisonment, mutilation, torture, persecution on political, racial or religious grounds, and other outrages against personal dignity;

Second,       Winston Cabello's killing was part of widespread or systematic violations directed against a civilian population;

Third,        The defendant either personally killed Winston Cabello, or actively participated in the killing of Winston Cabello;

Fourth,       The defendant knew or should have known that the killing of Winston Cabello was part of widespread or systematic conduct directed against a civilian population.

You may consider instructions 17 and 18 to determine whether or not the Plaintiffs have proven the elements above by a preponderance of the evidence.

**15**

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any law, ordinance, or regulation.

**16**

Mental pain or suffering refers to prolonged mental harm caused by or resulting from the intentional infliction or threatened infliction of severe physical pain or suffering,; the threat of imminent death; or the threat that another individual will imminently be subjected to death or severe physical pain or suffering.

**17**

The Defendant may be found liable if you find that he aided and abetted others in acts committed against Winston Cabello.  In order to prove the Defendant liable for aiding and abetting any of the violations against Winston Cabello, the plaintiffs must prove the following by a preponderance of the evidence:

First,       One or more of the wrongful acts that comprise the claim were committed;

Second,       The Defendant substantially assisted some person or persons who personally committed or caused one or more of the wrongful acts that comprise the claim;

Third,       The Defendant knew that his actions would assist in the illegal or wrongful activity at the time he provided the assistance.

**18**

The Defendant may be found liable if you find that he conspired with someone who committed acts against Winston Cabello or caused acts to be committed against Winston Cabello. A conspiracy is an agreement of two or more persons to commit one or more wrongful acts. To prove the defendant liable for conspiring to commit any of the acts committed against Winston Cabello, the plaintiffs must prove by a preponderance of the evidence:

First,      two or more persons agreed to commit a wrongful act;

Second,     that the defendant, knowing the unlawful purpose of the plan, willfully joined in it;

Third,      one or more of the violations was committed by someone who was a member of the conspiracy and acted in furtherance of the conspiracy.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.

Each member of the conspiracy is liable for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.

**19**

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendant which may be similar to those alleged in the complaint, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts alleged in the complaint. However, you may consider this evidence for other, very limited, purposes.

If you find by a preponderance of the evidence from other evidence in this case that the Defendant did commit the acts alleged in the complaint, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the Defendant had the state of mind or intent necessary to commit the acts alleged in the complaint; or whether the Defendant had a motive to commit the acts alleged in the complaint; or whether the Defendant acted according to a plan.

**20**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the actual losses or injuries, if any, that resulted from the defendant's conduct.  You must award the plaintiffs such sum of money as you believe will fairly and justly compensate the plaintiffs for any loss or injury you believe was actually sustained as a direct consequence of the defendant's conduct.

These are known as compensatory damages.  Compensatory damages seek to compensate the plaintiffs for the injuries that they sustained.  The plaintiffs are entitled to compensatory damages for any physical injury, pain and suffering, mental anguish, and shock that they suffered because of the defendant's conduct.

The damages you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiffs actually suffered.

Compensatory damages may be awarded to cover both the mental and physical aspects of injury – tangible and intangible.  Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the plaintiffs for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

(1)    the plaintiffs' physical and emotional pain, suffering and mental anguish; and

(2)    the plaintiffs' physical and mental injury.

21

In addition to compensatory damages, you have the discretion to award punitive damages. Unlike compensatory damages, which are imposed to reimburse the plaintiffs for their injuries, punitive damages are designed to make an example of the defendant's conduct so that others will not engage in similar practices.

You may award punitive damages to the plaintiff if they have proven that the defendant's conduct was wanton and reckless, not merely unreasonable. An act is wanton and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct, in order to deter him and others from committing similar acts in the future. Punitive damages are intended to protect the community and to express the jury's indignation at a defendant's misconduct.

The award of punitive damages is within your discretion – you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount. It must not reflect bias, prejudice, or sympathy toward any party. But the amount can be as large as you believe is necessary to fulfill the purpose of punitive damages. There is no exact standard for fixing the amount of punitive damages. Any award you make should be fair in the light of the evidence.

Should you award punitive damages to the plaintiffs, in fixing the amount, you must consider what is reasonably required to accomplish the goals of punishing the defendants and deterring others from committing similar acts. You should also consider the degree of reprehensibility of the defendant's conduct toward the plaintiffs and the relationship between the harm suffered by the plaintiffs and the amount of punitive damages you are considering. In sum, in computing punitive

damages you should award the amount you find appropriate to punish the defendant for the injuries to the plaintiffs in this lawsuit and to set an example to others that will deter them from engaging in similar conduct.

Finally, you may consider the financial resources of the defendant in fixing an amount of punitive damages. However, I instruct you that the burden is on the defendant to show that his financial circumstances warrant a limitation of any award.

**22**

In this case you have been permitted to take notes during the course of the trial, and most of you - perhaps all of you - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

23

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

24

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.